UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
JOSUE G. TORRES

                                                            COMPLAINT

                              Plaintiff,                    JURY DEMAND

             -against-

THE CITY OF NEW YORK; KEECHANT L. SEWELL, as
Police Commissioner, Police Department City of New York;
AMY J. LITWIN, as Deputy Commissioner, Department
Advocate's Office; LAUREN SILVERSTEIN, as Deputy
Managing Attorney, Department Advocate's Office;
CHRISTINE M. MCGRATH, as Agency Attorney,
Department Advocate's Office; DENIS O'HANLON, as Duty
Captain, Patrol Borough Bronx; BARRY DRISCOLL, as
Sergeant, 52nd Precinct; JAMES WILSON, as Duty Captain,
Patrol Borough Brooklyn North Investigations Unit and
ELVIS CORNEA, as Sergeant, 73rd Precinct, each sued
individually and in their official capacities as employees of
Defendant THE CITY OF NEW YORK

                              Defendants'
------------------------------------------------------------------------x

        The Plaintiff JOSUE G. TORRES through his attorney The Sanders Firm, P.C., files this

federal complaint against Defendants' THE CITY OF NEW YORK; KEECHANT L. SEWELL;

AMY J. LITWIN; LAUREN SILVERSTEIN; CHRISTINE M. MCGRATH; DENIS O'HANLON;

BARRY DRISCOLL; JAMES WILSON and ELVIS CORNEA respectfully set forth and allege

that:

## INTRODUCTION

        This is an action for equitable relief and money damages on behalf of the Plaintiff JOSUE

G. TORRES, (hereinafter referred to as "Plaintiff") who alleges that his civil rights were violated

when Defendants' THE CITY OF NEW YORK; KEECHANT L. SEWELL; AMY J. LITWIN;

LAUREN SILVERSTEIN; CHRISTINE M. MCGRATH; DENIS O'HANLON; BARRY

DRISCOLL; JAMES WILSON and ELVIS CORNEA falsely arrested and maliciously prosecuted him due to their confirmation bias against male officers, particularly of color without probable cause in Bronx and Kings Criminal Courts and the NYPD Trial Room, ultimately resulting in his pending termination from the Police Department City of New York.

## JURISDICTION AND VENUE

1.     The jurisdiction of this Court is invoked pursuant to 18 U.S.C. § 1965, 28 U.S.C. §§ 1331, 1343 and 2202 to secure protection of and to redress deprivation of rights secured by:

       a.     the Civil Rights Act of 1871, 42 U.S.C. § 1983, and

       b.     the New York City Administrative Code § 8-107

2.     The unlawful practices, violations of plaintiff's civil rights complained of herein were committed within the Southern District of New York.

## PROCEDURAL REQUIREMENTS

3.     Plaintiff JOSUE G. TORRES has filed suit with this Court within the applicable statute of limitations period.

4.     Plaintiff JOSUE G. TORRES is not required to exhaust any administrative procedures prior to suit under the Civil Rights Act of 1871, or New York City Administrative Code § 8-107.

## PLAINTIFF

5.     Plaintiff JOSUE G. TORRES is a male citizen of the United States of America, over twenty-one (21) years of age and resident of Bronx County.

## DEFENDANTS'

6.     Defendant THE CITY OF NEW YORK is a municipal corporation organized under the laws of the State of New York.

7.     Defendant KEECHANT L. SEWELL, as Police Commissioner, Police

Department City of New York.

8.     Defendant AMY J. LITWIN, as Deputy Commissioner, Department

Advocate's Office.

9.     Defendant LAUREN SILVERSTEIN, as Deputy Managing Attorney,

Department Advocate's Office.

10.    Defendant CHRISTINE M. MCGRATH, as Agency Attorney, Department

Advocate's Office.

11.    Defendant DENIS O'HANLON, as Duty Captain, Patrol Borough Bronx.

12.    Defendant BARRY DRISCOLL, as Sergeant, 52nd Precinct.

13.    Defendant JAMES WILSON, as Duty Captain, Patrol Borough Brooklyn

North Investigations Unit.

14.    Defendant ELVIS CORNEA, as Sergeant, 73rd Precinct.

## BACKGROUND

### The Aspiring Actor's History of Blatant Misrepresentations

15.    Plaintiff JOSUE G. TORRES alleges that on or about October 24, 2015, the

alleged complainant an aspiring "actor" showcased her "acting" skills with a Facebook post

detailing her cameo television appearance in The Good Wife Season 7 Episode 1, which aired on

CBS where she proudly claimed "they arrested my man" for her followers.

16.    Plaintiff JOSUE G. TORRES alleges that due to the alleged complainant's great

"acting" skills, he's pending termination with the Police Department City of New York.

17.    Plaintiff JOSUE G. TORRES alleges that the alleged complainant leveraged her

great "acting" skills and authority over him by repeatedly over the years threatening to contact

the department, have him arrested, suspended and terminated.

18.    Plaintiff JOSUE G. TORRES alleges that this is a common tactic used against officers particularly males of color involved in personal relationships with others.

19.    Plaintiff JOSUE G. TORRES alleges that the department is fully aware this is a significant problem and instead of exercising care and due diligence, blame the officers when they are victims.

20.    Plaintiff JOSUE G. TORRES alleges that he and other officers suffer in silence instead of seeking assistance.

21.    Plaintiff JOSUE G. TORRES alleges that unbeknownst to him, on or about July 17, 2019, the alleged complainant made blatant misrepresentations on an application for public housing to the New York City Housing Authority.

22.    Plaintiff JOSUE G. TORRES alleges that without mentioning every blatant misrepresentation, in particular, the alleged complainant falsely claimed she did not live with anyone who was a New York City employee although they lived as a family unit in the Bronx.

23.    Plaintiff JOSUE G. TORRES alleges that the alleged complainant falsely claimed she had no assets when in fact, she held a checking and savings account.

24.    Plaintiff JOSUE G. TORRES alleges that the alleged complainant falsely claimed to self-identify as Native Hawaiian or other Pacific Islander in addition to Hispanic or Latino; meanwhile, she has always self-identified as Puerto Rican and Mexican.

### The Unequal Application of the Laws

25.    Plaintiff JOSUE G. TORRES alleges that according to the NYPD website, it responds to approximately 230,000 domestic incidents annually, or nearly six-hundred calls a day.

26.     Plaintiff JOSUE G. TORRES alleges that according to the NYPD website, domestic violence prevention police officers face unpredictable, potentially volatile situations and therefore, are *highly trained to help ensure victims' safety* as well as their own.

27.     Plaintiff JOSUE G. TORRES alleges that according to the NYPD website, more than 400 NYPD domestic violence prevention officers, investigators and supervisors *assist* victims of domestic violence in precincts and Housing Bureau police service areas citywide.

28.     Plaintiff JOSUE G. TORRES alleges that according to the NYPD website, the Department is *committed* to serving all communities in the City of New York, **especially those vulnerable to victimization**.

29.     Plaintiff JOSUE G. TORRES alleges that according to the NYPD website, in addition to *enforcing the laws and working to ensure victims' safety*, the NYPD Domestic Violence Unit performs domestic violence awareness outreach. Each local precinct and police service area has a domestic violence office.

30.     Plaintiff JOSUE G. TORRES alleges that the aforementioned regarding the department's *commitment* to domestic violence is nothing more than public relations propaganda.

31.     Plaintiff JOSUE G. TORRES alleges that his personal experience as a male officer of color and victim of domestic violence, is that his claims were treated as a mere bother and his equal protection rights in particular the application of the primary physical aggressor defense under the criminal procedure law and defenses of justification under the penal law designed to prevent false arrests and malicious prosecutions were not applied equally to, he, as similarly situated female victims.

**The First False Arrest**

32.     Plaintiff JOSUE G. TORRES alleges that on or about July 1, 2020, he and the

alleged complainant argued about her repeatedly threatening to get him "jammed up."

33.    Plaintiff JOSUE G. TORRES alleges that the alleged complainant falsely claimed to Defendant BARRY DRISCOLL that he grabbed her by her arms, forced her to the ground and used her own hands to strike her about the face while also slamming her head and body on the floor.

34.    Plaintiff JOSUE G. TORRES alleges that Defendant BARRY DRISCOLL observed injuries to the left side of her neck and the lower part of her face.

35.    Plaintiff JOSUE G. TORRES alleges that prior to his arrest, he essentially told Defendant BARRY DRISCOLL that he and the alleged complainant argued about she repeatedly threatening his employment.

36.    Plaintiff JOSUE G. TORRES alleges that at some point, the alleged complainant moved towards him in a threatening manner so, he tried to physically restrain her and she may have been injured during the tussle.

37.    Plaintiff JOSUE G. TORRES alleges that using the alleged complainant's tears and injuries as benchmarks due to Defendant BARRY DRISCOLL'S confirmation bias against males, his assertion of the available legal defenses was treated as a mere bother.

38.    Plaintiff JOSUE G. TORRES alleges that Defendant BARRY DRISCOLL'S unequal application of the primary physical aggressor defense under the criminal procedure law and defenses of justification under the penal law designed to prevent false arrests and malicious prosecutions, led to him being falsely arrested.

39.    Plaintiff JOSUE G. TORRES alleges that later that day during an informal interview, Defendant DENIS O'HANLON interviewed the alleged complainant, where she admitted he has never been physically abusive.

40.     Plaintiff JOSUE G. TORRES alleges that later that day during a department interview, Defendant DENIS O'HANLON never challenged Defendant BARRY DRISCOLL'S application of the primary physical aggressor defense under the criminal procedure law and defenses of justification under the penal law designed to prevent false arrests and malicious prosecutions. Nor did Defendant BARRY DRISCOLL ever disclose Torres asserted the primary physical aggressor defense under the criminal procedure law and defenses of justification under the penal law designed to prevent false arrests and malicious prosecutions.

41.     Plaintiff JOSUE G. TORRES alleges that the Body Worn Camera, ultimately used against him in the Department Trial as Department's Exhibit No.: 3A at 10:40, 10:52:05 and 10:52:20, 11:05:40 – 11:06, where the alleged complainant is clearly seen using both hands without difficulty or injury which is inconsistent with the physical altercation she alleged.

42.     Plaintiff JOSUE G. TORRES alleges that he never should have been arrested or received department charges without corroboration as the alleged complainant was not "credible."

43.     Plaintiff JOSUE G. TORRES alleges that Defendant DENIS O'HANLON should have voided his arrest consistent with department policy but, failed to do so because he engaged in the same conformation bias as Defendant BARRY DRISCOLL.

44.     Plaintiff JOSUE G. TORRES was immediately suspended without pay for thirty (30) days.

45.     Plaintiff JOSUE G. TORRES alleges that on or about July 1, 2020, he was arraigned in the Bronx Criminal Court Docket No.: CR-009678-20BX for allegedly violating PL 260.10 (1) Endangering the welfare of a child (A Misdemeanor), PL 120.00 (1) Assault in the Third Degree (A Misdemeanor), PL 240.26 (1) Harassment in the Second Degree (Violation) and PL 240.20

Disorderly Conduct (Violation).

46.     Plaintiff JOSUE G. TORRES alleges that on or about July 31, 2022, he was restored to duty on modified assignment.

47.     Plaintiff JOSUE G. TORRES alleges that on or about September 15, 2021, the aforementioned top three (3) charges were dismissed and sealed under CPL 160.55 and he pled Guilty to the remaining charge of PL 240.20 Disorderly Conduct (Violation) with a Conditional Discharge of one (1) year.

**The First False Allegation of Chocking Their Minor Child**

48.     Plaintiff JOSUE G. TORRES alleges that on or about March 19, 2022, he self-reported an incident inside of the 33rd Precinct while exchanging the minor children for visitation.

49.     Plaintiff JOSUE G. TORRES alleges that he self-reported that the alleged complainant falsely accused him of choking their minor child.

50.     Plaintiff JOSUE G. TORRES alleges that Captain Albert Rodriguez, Executive Officer 33rd Precinct interviewed he and the alleged complainant, then reviewed the video footage of the Main Entrance Lobby and determined her allegations were false.

51.     Plaintiff JOSUE G. TORRES alleges that on or about April 5, 2022, Sergeant Vicente Rodriguez, Criminal Justice Bureau Investigations Unit, performed a background investigation of the alleged complainant. The search revealed that the alleged complainant filed two (2) prior complaint reports including a claim for aggravated harassment in 2004.

52.     Plaintiff JOSUE G. TORRES alleges that on or about April 5, 2022, Sergeant Rodriguez informally interviewed the alleged complainant where she falsely claimed he choked his minor child.

53.     Plaintiff JOSUE G. TORRES alleges that August 10, 2022, Sergeant Rodriguez reviewed the video footage of the Main Entrance Lobby and determined the alleged complainant's allegations were false.

54.     Plaintiff JOSUE G. TORRES alleges that on or about August 10, 2022, Sergeant Rodriguez informally interviewed Police Administrative Aide Renay Rolle who confirmed she did not observe him mishandling the minor child but, said, "he seems like a 'loving father' and the children wanted to stay with him."

55.     Plaintiff JOSUE G. TORRES alleges that on or about August 17, 2022, Sergeant Rodriguez informally interviewed Police Officer Mohamed Shemis who confirmed there was nothing out of the ordinary during the exchange and the alleged complainant never claimed the minor child was choked.

56.     Plaintiff JOSUE G. TORRES alleges that on or about August 17, 2022, Sergeant Rodriguez informally interviewed Sergeant Muhammad Uddin, as the Desk Officer who confirmed there was nothing out of the ordinary during the exchange and the alleged complainant never claimed the minor child was choked.

### The Second False Allegation of Child Abuse and Maltreatment

57.     Plaintiff JOSUE G. TORRES alleges that on or about October 17, 2022, a false report was made to the New York Statewide Central Register of Child Abuse and Maltreatment alleging a child had been abused or maltreated.

58.     Plaintiff JOSUE G. TORRES alleges that in yet another false allegation, the alleged complainant accused him of kicking one of his minor children in the head.

59.     Plaintiff JOSUE G. TORRES alleges that on or about December 30, 2022, the New York State Office of Children and Family Services notified him that the report of Child

Abuse and Maltreatment filed by the alleged complainant alleging their minor had been abused or maltreated was closed as Unfounded.

### The Second False Arrest

60.     Plaintiff JOSUE G. TORRES alleges that on or about September 28, 2022, he and the alleged complainant had another disagreement over the health, safety and welfare of their minor children. At this point, there were communicating via a Family Court Wizard Application.

61.     Plaintiff JOSUE G. TORRES alleges that on September 22, 2022 and September 27, 2022, sent the following messages "When are you going to realize that your decision making is complete & utter garbage, and yet you have the gall to take it personal when I've critiqued them as it has always been the case… I would've never completely uprooted them just for you to have less time with them, good parents don't do that to their kids, ignorant trash do. Stop putting up this façade & stop pretending to be scorned, I know everything. You never had feelings for me whatsoever I was a means to an end for you & enough with trying to take my rights away… I am absolutely disgusted by lack of wherewithal & parenting skills, yet wonder why I've always critiqued you. He also sent additional messages calling her "inconsistent, a pathological liar, lazy and a con artist."

62.     Plaintiff JOSUE G. TORRES alleges that Defendant ELVIS CORNEA falsely arrested him due to confirmation bias related to his gender as these aforementioned text messages are not "objectively" violative of any law or court order.

63.     Plaintiff JOSUE G. TORRES alleges that he never should have been arrested or received department charges without corroboration as the alleged complainant was not "credible."

64.     Plaintiff JOSUE G. TORRES alleges that Defendant JAMES WILSON should have

voided his arrest consistent with department policy but, failed to do so because he engaged in the same conformation bias as Defendant ELVIS CORNEA.

65.     Plaintiff JOSUE G. TORRES was immediately suspended without pay for thirty (30) days

66.     Plaintiff JOSUE G. TORRES alleges that on or about September 29, 2022, he was arraigned in the Kings Criminal Court Docket No.: CR-027939-22KN for allegedly violating PL 215.50 (3) Criminal Contempt in the Second Degree (A Misdemeanor).

67.     Plaintiff JOSUE G. TORRES alleges that on or about October 29, 2022, he was restored to duty on modified assignment.

68.     Plaintiff JOSUE G. TORRES alleges that on or about January 12, 2023, the aforementioned charge was dismissed and sealed under CPL 170.30 (1)(f) and 160.50, due to insufficient evidence.

## The NYPD Disciplinary and Review Process

69.     Plaintiff JOSUE G. TORRES alleges that on or about June 21, 2018, former Police Commissioner James P. O'Neill appointed an "Independent Panel" to conduct a "review" of the internal disciplinary system of the NYPD or "Department" and to propose recommendations to improve it.

70.     Plaintiff JOSUE G. TORRES alleges that according to the report summary, the "Panel" consisted of the Honorable Mary Jo White, its chair; the Honorable Robert L. Capers; and the Honorable Barbara S. Jones.

71.     Plaintiff JOSUE G. TORRES alleges that according to the report summary, to carry out its mandate, the "Panel" allegedly surveyed "Department" policies and procedures governing how internal disciplinary cases are initiated, prosecuted, and resolved.

72.     Plaintiff JOSUE G. TORRES alleges that on or about January 25, 2019, in the final report, the "Panel" included a section relating to allegations of systemic favoritism, bias, or significant inconsistencies.

73.     Plaintiff JOSUE G. TORRES alleges that according to the "Panel," "in any adjudicatory system, allegations of systemic favoritism, bias, or significant inconsistencies strike at the core of its legitimacy."

74.     Plaintiff JOSUE G. TORRES alleges that yet, the "Panel" noticeably did not address "transparency" and a "fair" disciplinary process free of "racial" and "national origin" bias in accordance with the settlement of the Latino Officers Association City of New York, et al. v. City of New York, et al., 99 cv 9568 SDNY.

75.     Plaintiff JOSUE G. TORRES alleges that in or around December 2003, the NYPD agreed to implement legal strategies to ensure "transparency" and a "fair" disciplinary process free of "racial" and "national origin" bias.

76.     Plaintiff JOSUE G. TORRES alleges that according to the terms of the LOA settlement, the NYPD agreed to establish an advisory committee – which will include members of the LOA—that will meet quarterly to address employment discrimination and retaliation. Improvements will also be made to the NYPD's disciplinary database, which will allow officers, union representatives and lawyers to easily monitor whether disciplinary action in a current matter matches that taken for similar incidents in the past.

77.     Plaintiff JOSUE G. TORRES alleges that since the LOA settlement, for the past nineteen (19) years to this date, NYPD officers of color persist with their complaints regarding "lack of transparency" and a "fair" disciplinary process free of "racial" and "national origin" bias.

78.     Plaintiff JOSUE G. TORRES alleges that thus far, the NYPD under Defendant KEECHANT L. SEWELL continue to deny officers (particularly of color), union representatives and lawyers access to the disciplinary data to ensure "transparency" and a "fair" disciplinary process free of "racial," "national origin" and [gender] bias.

79.     Plaintiff JOSUE G. TORRES alleges that on or about July 6, 2020, he received department charges related to the July 1, 2020, false arrest.

80.     Plaintiff JOSUE G. TORRES alleges that on or about September 28, 2022, he received department charges related to the September 28, 2022, false arrest.

81.     Plaintiff JOSUE G. TORRES alleges that on or about January 26, 2023, he received amended department charges related to the July 1, 2020, false arrest.

82.     Plaintiff JOSUE G. TORRES alleges that on or about March 7, 2023, the department trial commenced against him.

83.     Plaintiff JOSUE G. TORRES alleges that prior to the commencement of the department trial, Defendants' AMY J. LITWIN; LAUREN SILVERSTEIN and CHRISTINE MCGRATH conferenced his case and despite the alleged complainant's history of blatant misrepresentations and false allegations against him, proceeded to prosecute anyway due to their confirmation bias against male officers, particularly of color.

84.     Plaintiff JOSUE G. TORRES alleges that with reckless disregard for the truth, on or about March 7, 2023, Defendants' AMY J. LITWIN; LAUREN SILVERSTEIN and CHRISTINE MCGRATH commenced the disciplinary trial against him In the Matter of the Charges and Specifications against Police Officer Josue Torres Case Nos.: 2020-22300 and 2022-27204, for allegedly engaging in a physical altercation with the alleged complainant, related charges and criminal contempt.

85.     Plaintiff JOSUE G. TORRES alleges that Defendant BARRY DRISCOLL testified the alleged complainant did not have any injuries to her hands or wrists.

86.     Plaintiff JOSUE G. TORRES alleges that this was supported by the Body Worn Camera, Department's Exhibit No.: 3A at 10:40, 10:52:05 and 10:52:20, 11:05:40 – 11:06, where the alleged complainant is captured using both hands without difficulty or injury which is inconsistent with the physical altercation she alleged.

87.     Plaintiff JOSUE G. TORRES alleges that he never should have been arrested or received department charges without corroboration as the alleged complainant was not "credible."

88.     Plaintiff JOSUE G. TORRES alleges that the internal investigation established the failure to notify the department of Change of Address as Unfounded, yet Defendants' AMY J. LITWIN; LAUREN SILVERSTEIN and CHRISTINE MCGRATH proceeded to prosecute him anyway.

89.     Plaintiff JOSUE G. TORRES alleges that the internal investigation established the address of the incident is leased in his name yet, Defendants' AMY J. LITWIN; LAUREN SILVERSTEIN and CHRISTINE MCGRATH proceeded to prosecute him anyway knowing under prevailing law even if the door or latch was damaged, that is not a crime under the penal law.

90.     Plaintiff JOSUE G. TORRES alleges that Defendants' AMY J. LITWIN; LAUREN SILVERSTEIN and CHRISTINE MCGRATH used their "subjective" personal feelings (confirmation bias) to prosecute him regarding the text messages sent via the Family Court Wizard application despite the fact the Kings Criminal Court having reviewed the messages, determined there was insufficient evidence to proceed alleging he committed the crime of Criminal Contempt in

the Second Degree.

91.     Plaintiff JOSUE G. TORRES alleges that after a two (2) day department trial, on or about April 24, 2023, Assistant Deputy Commissioner - Trials Paul M. Gamble consistent with his history of confirmation bias against male officers particularly of color, recommended a finding of GUILTY and DISMISSAL from the department.

92.     Plaintiff JOSUE G. TORRES alleges that Assistant Deputy Commissioner - Trials Paul M. Gamble consistent with his history of confirmation bias, recommended a finding of GUILTY and DISMISSAL from the department despite the alleged complainant's history of blatant misrepresentations and false allegations finds her "credible," disregards and fails to apply the primary physical aggressor defense under the criminal procedure law and defenses of justification under the penal law designed to prevent false arrests and malicious prosecutions.

93.     Plaintiff JOSUE G. TORRES alleges that yet despite the alleged complainant's history of blatant misrepresentation and false allegations against him and the history of confirmation bias of Defendants' AMY J. LITWIN; LAUREN SILVERSTEIN; CHRISTINE M. MCGRATH; DENIS O'HANLON; BARRY DRISCOLL; JAMES WILSON and ELVIS CORNEA, Defendant KEECHANT L. SEWELL is in the process of adopting Assistant Deputy Commissioner – Trials Paul M. Gamble's recommendation and entered a Final Order of Dismissal pursuant to Section 14-115 of the Administrative Code of the City of New York.

## VIOLATIONS AND CLAIMS ALLEGED

### COUNT I
### VIOLATION OF THE FOURTH AMENDMENT
### FALSE ARREST
### IN VIOLATION OF
### THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

94.     Plaintiff JOSUE G. TORRES re-alleges Paragraphs 1 through 93 and incorporates

them by reference as Paragraphs 1 through 93 of Count I of this Complaint.

95.    Plaintiff JOSUE G. TORRES alleges that Defendants' DENIS O'HANLON; BARRY DRISCOLL; JAMES WILSON and ELVIS CORNEA under color of law, personally interfered with and deprived him of his constitutional rights.

96.    Plaintiff JOSUE G. TORRES alleges that Defendants' DENIS O'HANLON; BARRY DRISCOLL; JAMES WILSON and ELVIS CORNEA acting individually and in their official capacities as public officials of Defendant THE CITY OF NEW YORK under color of law, falsely arrested and maliciously prosecuted him due to their confirmation biases against male officers, particularly of color without probable cause in Bronx and Kings Criminal Courts ultimately resulting in his pending termination from the Police Department City of New York.

97.    Plaintiff JOSUE G. TORRES alleges that because of alleges Defendants' DENIS O'HANLON; BARRY DRISCOLL; JAMES WILSON and ELVIS CORNEA'S conduct he suffered emotional distress, monetary damage, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

## COUNT II
## VIOLATION OF THE FOURTH AMENDMENT
## MALICIOUS PROSECUTION
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

98.    Plaintiff JOSUE G. TORRES re-alleges Paragraphs 1 through 97 and incorporates them by reference as Paragraphs 1 through 97 of Count II of this Complaint.

99.    Plaintiff JOSUE G. TORRES alleges that Defendants' DENIS O'HANLON; BARRY DRISCOLL; JAMES WILSON and ELVIS CORNEA under color of law, personally interfered with and deprived him of his constitutional rights.

100.    Plaintiff JOSUE G. TORRES alleges that Defendants' DENIS O'HANLON;

BARRY DRISCOLL; JAMES WILSON and ELVIS CORNEA acting individually and in their

official capacities as public officials of Defendant THE CITY OF NEW YORK under color of

law, falsely arrested and maliciously prosecuted him due to their confirmation biases against male

officers, particularly of color without probable cause in Bronx and Kings Criminal Courts ultimately

resulting in his pending termination from the Police Department City of New York.

101.    Plaintiff JOSUE G. TORRES alleges that because of alleges Defendants' DENIS

O'HANLON; BARRY DRISCOLL; JAMES WILSON and ELVIS CORNEA'S conduct he

suffered emotional distress, monetary damage, and incurred medical and legal expenses, and out

of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

**COUNT III**
**VIOLATION OF THE FOURTH AMENDMENT**
**MALICIOUS PROSECUTION – DEPARTMENT TRIAL**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

102.    Plaintiff JOSUE G. TORRES re-alleges Paragraphs 1 through 101 and

incorporates them by reference as Paragraphs 1 through 101 of Count III of this Complaint.

103.    Plaintiff JOSUE G. TORRES alleges that Defendants' KEECHANT L. SEWELL;

AMY J. LITWIN; LAUREN SILVERSTEIN and CHRISTINE M. MCGRATH under color of

law, personally interfered with and deprived him of his constitutional rights.

104.    Plaintiff JOSUE G. TORRES alleges that Defendants' KEECHANT L. SEWELL;

AMY J. LITWIN; LAUREN SILVERSTEIN and CHRISTINE M. MCGRATH acting

individually and in their official capacities as public officials of Defendant THE CITY OF NEW

YORK under color of law, maliciously prosecuted him due to their confirmation biases against

male officers, particularly of color without probable cause in the NYPD Trial Room ultimately

resulting in his pending termination from the Police Department City of New York.

105.    Plaintiff JOSUE G. TORRES alleges that because of alleges Defendants'

KEECHANT L. SEWELL; AMY J. LITWIN; LAUREN SILVERSTEIN and CHRISTINE M.

MCGRATH'S conduct he suffered emotional distress, monetary damage, and incurred medical

and legal expenses, and out of pocket expenses for telephone, postage, and other costs of

pursuing the claims herein.

**COUNT IV**
**DENIAL OF ACCESS TO THE COURTS**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

106.    Plaintiff re-alleges Paragraphs 1 through 105 and incorporates them by reference

as Paragraphs 1 through 105 of Count IV of this Complaint.

107.    Plaintiff JOSUE G. TORRES alleges that Defendants' AMY J. LITWIN;

LAUREN SILVERSTEIN; CHRISTINE M. MCGRATH; DENIS O'HANLON; BARRY

DRISCOLL; JAMES WILSON and ELVIS CORNEA under color of law, personally interfered

with and deprived him of his constitutional rights to prove his innocence in the NYPD internal

investigation, Bronx and Kings Criminal Courts and the NYPD Trial Room by falsely arresting

and maliciously prosecuting him due to their confirmation biases against male officers, particularly

of color without probable cause in Bronx and Kings Criminal Courts ultimately resulting in his

pending termination from the Police Department City of New York.

108.    Plaintiff JOSUE G. TORRES alleges Defendants' AMY J. LITWIN; LAUREN

SILVERSTEIN; CHRISTINE M. MCGRATH; DENIS O'HANLON; BARRY DRISCOLL;

JAMES WILSON and ELVIS CORNEA intentionally disregarded and withheld 'credible'

evidence obtained during the course of the criminal and internal investigations due to their

confirmation biases against male officers, particularly of color that they were on notice regarding

the alleged complainant's serious 'credibility' issues.

109.    Plaintiff JOSUE G. TORRES alleges that Defendants' AMY J. LITWIN; LAUREN SILVERSTEIN; CHRISTINE M. MCGRATH; DENIS O'HANLON; BARRY DRISCOLL; JAMES WILSON and ELVIS CORNEA intentionally disregarded the 'credible' evidence of the alleged complainant's serious 'credibility' issues and proceeded to falsely arrest and maliciously prosecute him due to their confirmation biases against male officers, particularly of color without probable cause in Bronx and Kings Criminal Courts and the NYPD Trial Room ultimately resulting in his pending termination from the Police Department City of New York."

110.    Plaintiff JOSUE G. TORRES alleges Defendants' AMY J. LITWIN; LAUREN SILVERSTEIN; CHRISTINE M. MCGRATH; DENIS O'HANLON; BARRY DRISCOLL; JAMES WILSON and ELVIS CORNEA knew that the Office of the District Attorney Bronx County, Office of the District Attorney Kings County, NYPD Department Advocate's Office, Trial Room and Defendant KEECHANT L. SEWELL would credit and act upon their intentional withholding of alleged complainant's serious 'credibility' issues without further inquiry as public officials in law enforcement.

111.    Plaintiff JOSUE G. TORRES alleges that Defendants' AMY J. LITWIN; LAUREN SILVERSTEIN; CHRISTINE M. MCGRATH; DENIS O'HANLON; BARRY DRISCOLL; JAMES WILSON and ELVIS CORNEA'S intentional withholding of alleged complainant's serious 'credibility' issues resulted in his pending termination causing the loss of all pay and benefits, a multimillion-dollar future pension distribution, punitive damages, emotional distress, legal expenses, and other costs of pursuing the claims herein.

## COUNT V
### GENDER DISCRIMINATION – VICTIM OF DOMESTIC VIOLENCE
### IN VIOLATION OF
### NEW YORK CITY ADMINISTRATIVE CODE § 8-107

112.    Plaintiff re-alleges Paragraphs 1 through 111 and incorporates them by reference

as Paragraphs 1 through 111 of Count V of this Complaint.

113.    Plaintiff alleges New York City Administrative Code § 8-107, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment because of their gender.

114.    Plaintiff alleges Defendants' THE CITY OF NEW YORK; KEECHANT L. SEWELL; AMY J. LITWIN; LAUREN SILVERSTEIN; CHRISTINE M. MCGRATH; DENIS O'HANLON; BARRY DRISCOLL; JAMES WILSON and ELVIS CORNEA discriminated against him depriving him of a fair opportunity to prove his innocence in the NYPD internal investigation, Bronx and Kings Criminal Courts and the NYPD Trial Room by falsely arresting and maliciously prosecuting him due to their confirmation biases against male officers, particularly of color without probable cause in Bronx and Kings Criminal Courts ultimately resulting in his pending termination from the Police Department City of New York.

115.    Plaintiff alleges Defendants' THE CITY OF NEW YORK; KEECHANT L. SEWELL; AMY J. LITWIN; LAUREN SILVERSTEIN; CHRISTINE M. MCGRATH; DENIS O'HANLON; BARRY DRISCOLL; JAMES WILSON and ELVIS CORNEA'S violations caused him mental anguish, emotional distress, and loss of employment opportunities.

## JURY TRIAL

116.    Plaintiff JOSUE G. TORRES demands a trial by jury of all issues in this action that are so triable.

## PRAYER FOR RELIEF

Wherefore, Plaintiff JOSUE G. TORRES demands compensatory and punitive damages from Defendants' THE CITY OF NEW YORK; KEECHANT L. SEWELL; AMY J. LITWIN; LAUREN SILVERSTEIN; CHRISTINE M. MCGRATH; DENIS O'HANLON; BARRY

DRISCOLL; JAMES WILSON and ELVIS CORNEA jointly and severally, in an amount to be

determined at trial, plus available statutory remedies, both legal and equitable, interests and

costs.

Dated:  May 22, 2023
New York, N.Y.

                                     Respectfully submitted,

By:     _____
                        Eric Sanders

Eric Sanders, Esq.
**THE SANDERS FIRM, P.C.**
30 Wall Street, 8th Floor
New York, N.Y. 10005
(212) 652-2782 (Business Telephone)
(212) 652-2783 (Facsimile)

Website: http://www.thesandersfirmpc.com